FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2015 JAN 22 PM 2:17

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MELISSA MOORHEAD,

    Plaintiff,

-VS-

WHETSTONE PARTNERS, LLC,
d/b/a ETITLELOAN,

    Defendant.
_____/

CASE NO.: 6:15-cv-91-ORL-31-DAB

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

7.     Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8.     Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

9.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10.    Plaintiff is the regular user and carrier of the cellular telephone number at issue, (407) 300-0589, and was the called party and recipient of Defendant's hereafter described calls.

11.    Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12.    Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13.    Upon information and belief, each call the Defendant made to the Plaintiff was made using a telephone dialing system which has the capacity to store or produce telephone numbers to be called, without human intervention.

14.    Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15.    Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

16. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

17. On or about May of 2012, Plaintiff procured a loan with Defendant (hereinafter "the loan"), using her automobile as collateral on the loan.

18. Plaintiff made monthly payments on the loan to the Defendant up to and including October of 2012.

19. In or about January of 2013, Plaintiff informed Defendant that she would no longer be able to make payments on the loan, and instructed them that they may take possession of the automobile was used as collateral on the loan.

20. In or about January of 2013, Defendant took possession of Plaintiff's automobile and sold it at auction, ceased all communication with client, and never informed Plaintiff of the sale amount for the repossessed automobile or whether she owed a balance on the loan.

21. In or about January of 2014, approximately a year after the repossession and sale of her automobile by Defendant, Defendant initiated its campaign of phone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from the following phone numbers: (800) 217-5507 and (305) 508-9100.

22. In or about February of 2014, Plaintiff called Defendant and spoke with an agent/representative of Defendant, and informed them that she did not know why they were calling her, as they failed to send her a statement regarding any potential balance on her account for over a year, to which Defendant's agent/representative responded that she owed a balance on the account identical to the original amount of the loan, despite having repossessed and selling the vehicle which acted as collateral on that loan amount.

23. At that time, in or about February of 2014, Plaintiff provided Defendant's agent/representative with her address, instructed them to mail an accurate statement of account to that address, informed them that their phone calls to her aforementioned cellular telephone number were harassing, and demanded that they quit calling her.

24. During the February of 2014 phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

25. Plaintiff's conversation with the Defendant demanding an end to the harassment was ignored.

26. Additionally, to date, Defendant has failed to provide Plaintiff with any statement of account, despite Plaintiff's request.

27. Defendant made approximately one-hundred (100) calls to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant's records. (Please see attached **Exhibit "A"** representing a non-exclusive sampling of calls from May 2, 2014 to May 22, 2014).]

28. Plaintiff received the following identical automated telephone message on her voicemail on approximately fifty (50) occasions:

> This is ETitle Loan. Your vehicle is currently out for repossession. If your vehicle is recovered, please expect a fee of no less than $500.00 to be applied to your account for repossession fee. You can call us at (305) 508-9100. If we do not hear from you in a timely manner we will forward your file to our legal department. You may choose to opt out of receiving these calls, your vehicle will be repossessed or sold at auction without notice. Press one for an agent, press eight to continue to opt out, or call (800) 421-4987.

29. Additionally, Plaintiff received the following identical automated telephone message on her voicemail on approximately fifty (50) occasions:

> This is ETitle Loan calling about your past due account. Please call us at (305) 508-9100 to resolve this matter urgently. You may choose to opt out of receiving these calls, your vehicle will be repossessed or sold at auction without notice. Press one for an agent, press eight to continue to opt out, or call (800) 421-4917.

30. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

31. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite not having her express permission to do so.

32. Defendant corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

33. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

34. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

35. Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

36. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

37. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

38. Defendant violated the TCPA with respect to the Plaintiff.

39. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

40. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

41. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

42. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

43. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

44. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

45. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

46. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

47. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

48. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

_/s/ Amanda J. Allen_
Amanda J. Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
JEstrada@ForThePeople.com
Attorney for Plaintiff